**Daniel B. PIERCE, Petitioner,**

v.

**GOVERNMENT PRINTING OFFICE, Respondent.**

No. 95–3301.

United States Court of Appeals, Federal Circuit.

Nov. 16, 1995.

W. Douglas Foster, Neves & Crowther, Galveston, Texas, argued for petitioner.

Nuriye C. Uygur, Attorney, Commercial Litigation Branch, Department of Justice, Washington, DC, argued for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Kirk T. Manhardt, Assistant Director. Also on the brief was Thomas Kelly, Government Printing Office, Office of the General Counsel, Washington, DC, of counsel.

Before LOURIE, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

Daniel B. Pierce petitions for review of the January 20, 1995 final decision of the Merit Systems Protection Board, Docket No. DA0752940508–I–1, 66 M.S.P.R. 281, dismissing his appeal for lack of jurisdiction.* Because the board addressed the merits of Pierce's appeal and did not err in doing so, we affirm, but on the merits.

## BACKGROUND

The Government Printing Office (agency) appointed Pierce to the position of Bookstore Clerk at the agency's bookstore in Houston, Texas on November 1, 1993. His appointment was subject to a probationary period. From the outset, there were shortcomings in his job performance. He had difficulties using the cash register. He often incorrectly executed credit card purchases, had to void many sales because he entered the wrong amount, entered the wrong type of transaction, gave the wrong receipt to a customer, used the wrong register key, and made "double rings." He also made numerous mistakes on order forms for customers with bookstore accounts. Furthermore, he failed to properly maintain the inventory. On one occasion, he was disrespectful and used offensive language to a co-worker. Pierce's supervisor notified him of these problems and attempted to work with him to improve

his performance. However, his poor performance continued.

On May 13, 1994, the agency discharged Pierce during his probationary period. He appealed to the board, alleging that he was discharged due to a pre-appointment condition, a learning disability. He also alleged that his supervisor sexually harassed him. An Administrative Judge (AJ) dismissed Pierce's appeal for lack of jurisdiction on the ground that he did not meet the regulatory criteria for appeal. In particular, the AJ held that Pierce failed to claim that his termination was based on partisan political reasons or his marital status, and that his learning disability was not a "pre-appointment condition." The AJ concluded that the agency discharged Pierce for unsatisfactory job performance, not for a pre-appointment condition. The AJ's initial decision became the final decision of the board when it denied Pierce's petition for review. See 5 C.F.R. § 1201.115 (1995). Pierce now petitions for review by this court.

## DISCUSSION

We may reverse the decision of the board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed.Cir.1986), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987).

On appeal, Pierce argues that he was terminated due to a pre-appointment condition and thus was entitled to certain rights, including the right to appeal such a termination. He alleges that his pre-appointment condition arose from a learning disability and also involved an attempted sexual seduction of him by his supervisor. In particular, he asserts that his supervisor attempted to seduce him before the agency hired him and that when he did not submit, he was hired so that his supervisor could gain leverage over him.

* By Order of this court, *Pierce v. Government Printing Office*, No. 95–3301 (Fed.Cir. Apr. 27, 1995), the GPO is the respondent because the board's

decision addressed the merits. *See Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679, 686 (Fed.Cir.1992).

We cannot accept Pierce's contentions. Termination of probationary employees is governed by 5 C.F.R. §§ 315.804 and 315.805. Section 315.804 provides that, upon termination of a probationary employee for unsatisfactory performance, the employee is entitled to written notification of the effective date of and the reasons for the termination. *See* 5 C.F.R. § 315.804 (1995). Section 315.805 provides that, upon termination of a probationary employee based on pre-appointment conditions, the employee is entitled to written notification of the reasons for the proposed termination, a reasonable time to file an answer, which answer the agency must consider in reaching its decision, and written notification of the agency's decision at or before the effective time of the termination. *See* 5 C.F.R. § 315.805 (1995).

Section 315.806 sets forth the appeal right of a probationary employee, specifically the limited right of a probationary employee to appeal a termination under sections 315.804 and 315.805. "An employee may appeal to the [board] in writing an agency's decision to terminate him under § 315.804 or § 315.805 *only* as provided in paragraphs (b) and (c) of this section." 5 C.F.R. § 315.806(a) (1995) (emphasis added). Paragraph (b) provides a right to appeal a termination based on discrimination because of "partisan political reasons or marital status." 5 C.F.R. § 315.806(b) (1995). Paragraph (c) provides a right to appeal a termination under section 315.805 (pre-appointment conditions) on the ground that it "was not effected in accordance with the procedural requirements of that section." 5 C.F.R. § 315.806(c) (1995). Finally, section 315.806(d) provides a right to appeal a termination based on discrimination, including sex discrimination, but "*only if* such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c) of this section." 5 C.F.R. § 315.806(d) (1995) (emphasis added).

■ Substantial evidence in the record supports the board's conclusion that the agency properly terminated Pierce under 5 C.F.R. § 315.804 for unsatisfactory performance and that he was not entitled to the benefit of the appeal right provided by 5 C.F.R. § 315.805 for terminations based on pre-appointment conditions. Specifically, letters and memoranda in the record document that Pierce's job performance was unsatisfactory and that the agency's efforts to improve his performance failed. Pierce submitted no evidence to contradict this reason for his termination. In addition, Pierce made no allegation that he was terminated based on partisan political reasons or marital status, so as to entitle him to the appeal right set forth in 5 C.F.R. § 315.806(b).

■ Moreover, one of our predecessor courts has held that the pre-appointment conditions contemplated by section 315.805 do not include pre-appointment physical conditions. *See Cohen v. United States*, 384 F.2d 1001, 1004, 181 Ct.Cl. 400 (1967) (interpreting the precursor of section 315.805); *accord Sonet v. Department of the Treasury*, 3 MSPB 73, 2 M.S.P.R. 552, 553 (1980). A learning disability falls into the same category as a physical condition, as it leads to an inability to do a required job. Therefore, Pierce's alleged learning disability cannot be called a "pre-appointment condition." In addition, the alleged seduction scheme is not a pre-appointment condition under any interpretation of the regulation.

We thus conclude that the board did not err in determining that Pierce did not meet the prerequisites for a probationary employee's right to appeal. As noted above, the agency properly terminated Pierce under section 315.804; accordingly, he was not entitled to an appeal under section 315.806(c), which only applies to terminations under section 315.805. In addition, Pierce was not entitled to an appeal under section 315.806(b) because he did not allege discrimination based on partisan political reasons or marital status. His alleged discrimination was sexual harassment, which can only fall under the sex discrimination provision of section 315.806(d), whose requirements have not been met because this issue was not raised in addition to a paragraph (b) or (c) issue. Thus, Pierce did not meet the requirements of either section 315.806(b) or (c). Meeting such requirements is a prerequisite to an appeal by a probationary employee, including an appeal alleging sex discrimination under section 315.806(d).

The board characterized its decision as being based on a lack of jurisdiction. Since only a nonfrivolous allegation of termination based on a pre-appointment condition is required for jurisdiction to attach, a requirement we believe has been met here, we affirm on the merits, which the board adequately and correctly considered. Accordingly, the board did not err in dismissing Pierce's appeal.

*AFFIRMED.*