85 F.3d 616
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bobby J. GRIFFIN, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not
citable as precedent. It is a public record. The
disposition will appear in tables published periodically.
 UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT 96-3032
 United States Court of Appeals, Federal Circuit.
 April 18, 1996.
 
 Before ARCHER, Chief Judge, LOURIE and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DISCUSSION
 
 1
 Bobby J. Griffin petitions for review of the decision of the Merit Systems Protection Board, No. DA-315H-95-0810-I-1, dismissing his appeal for lack of jurisdiction. We affirm.
 
 
 2
 Griffin was terminated from his position as an Aircraft Engine Repairer for the Department of the Air Force during his one-year probationary period. As a probationary employee, Griffin has limited appeal rights. For a probationary employee an appeal to the board is available under 5 C.F.R § 315.806(b) based on allegations that termination was for partisan political reasons or marital status discrimination, and under 5 C.F.R § 315.806(c) based on allegations that termination was for a pre-employment condition within the meaning of 5 C.F.R § 315.805. In his appeal to the board Griffin alleged that he was terminated based on a pre-employment service disability. The board determined, however, that this medical condition was not a jurisdictional ground for an appeal under 5 C.F.R § 315.805 and that he alleged no other basis for jurisdiction.
 
 
 3
 We must affirm the decision of the board unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994). A physical condition is not a pre-appointment condition under § 315.805. Pierce v. Government Printing Office, 70 F.3d 106, 107 (Fed.Cir.1995). Because Griffin failed to allege an appealable pre-appointment condition or that his termination was based on partisan politics or marital discrimination, he had no basis for an appeal. The board, therefore, properly dismissed Griffin's appeal.