101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Diana L. KELLY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3288.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1996.
 
 Before ARCHER, Chief Judge, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Diana L. Kelly petitions for review of a final decision of the Merit Systems Protection Board, Docket No. NY-315H-96-0213-I-1, dismissing her appeal for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 On April 30, 1995, Kelly was appointed to a temporary position as a nursing assistant with the Department of Veteran Affairs. On September 3, 1995, she was given a career-conditional appointment subject to a one-year probationary period. Between August 5, 1995, and February 3, 1996, Kelly was charged with being absent without official leave for a total of 528 hours. Because of her leave status, the agency terminated her probationary employment as of February 23, 1996.
 
 
 3
 Kelly sought to appeal to the Merit Systems Protection Board. In her appeal, she asserted that her absence was due to a medical condition. Specifically, she asserted that she sustained a back injury in an automobile accident on November 2, 1995. She contended that because of that injury, she had been unable to report to duty between November 2 and November 20, 1995. She returned to work briefly, but on November 24, 1995, she failed to report and remained absent through February 3, 1995.
 
 
 4
 The administrative judge ordered Kelly to submit evidence and argument to establish that the Board had jurisdiction over her appeal. After review and consideration of those submissions, the administrative judge held that Kelly had failed to meet her burden of establishing Board jurisdiction and accordingly dismissed her appeal. When Kelly did not file a petition for review with the full Board, the initial decision of the administrative judge became the Board's final decision.
 
 DISCUSSION
 
 5
 A career or career-conditional employee who is terminated during a probationary period because of unsatisfactory performance or conduct has a right to appeal to the Board only if the probationary employee alleges that he or she was terminated for partisan political reasons or because of marital status. 5 C.F.R. § 315.806(b). A probationary employee may appeal to the Board on the ground that the termination during the probationary period was based in whole or in part on conditions arising before the appointment, 5 C.F.R. § 315.805, but on such an appeal the probationary employee is limited to complaining that the agency failed to follow certain regulatory termination procedures, 5 C.F.R. § 315.806(c). Although the regulations provide that a probationary employee may appeal based on allegations of certain types of discrimination, including discrimination based on a handicapped condition, the Board has jurisdiction over such an appeal only if the petitioner also establishes a jurisdictional basis under either section 315.806(b) or section 315.806(c). See 5 C.F.R. § 315.806(d).
 
 
 6
 In her appeal to the Board, Kelly asserted that her failure to report to work or obtain authorized leave was the result of a post-appointment event--her November 1995 automobile accident. Board jurisdiction is proper under those circumstances only on allegations that the termination was for partisan political reasons or because of marital status, allegations that Kelly did not make in her appeal. Accordingly, the Board properly dismissed Kelly's appeal for lack of jurisdiction.
 
 
 7
 In this court, Kelly asserts for the first time that her termination was based on a condition that arose before her appointment--an undetected tumor on her spine--that prevented her from reporting to work. She argues that her termination was improper because the agency failed to follow the procedural requirements set forth in the regulations. See 5 C.F.R. § 315.805. Kelly's new claim on appeal must be rejected. First, this court will not consider a claim on appeal from the Board that could have been raised below, but was not. See Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed.Cir.1985). Moreover, even if Kelly's newly raised issue were properly before this court, it would be without merit because, as we have previously noted, physical conditions that prevent an employee from doing his or her job are not "conditions arising before [the employee's] appointment" within the meaning of the regulation. See Pierce v. Government Printing Office, 70 F.3d 106, 108 (Fed.Cir.1995).