Raymond V. JEFFRIES, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 02–3012.**

United States Court of Appeals, Federal Circuit.

May 8, 2002.

Before BRYSON, GAJARSA, and LINN, Circuit Judges.

DECISION

PER CURIAM.

Raymond V. Jeffries ("Jeffries") appeals the decision of the Merit Systems Protection Board ("MSPB") dismissing for lack of jurisdiction the appeal of his termination by the Department of the Navy ("Navy"). *Jeffries v. Dep't of the Navy,* No. CH–315H–01–0418–I–1 (M.S.P.B. August 14, 2001). Because the MSPB's dismissal of Jeffries's appeal was not arbitrary, capricious, or an abuse of discretion and is otherwise in accordance with the law, we *affirm.*

On January 16, 2001, the Navy appointed Jeffries to a civilian position, second-shift Physical Science Technician (GS–8) at the Navy Drug Screening Laboratory in Great Lakes, Illinois. This was a "career conditional" appointment requiring completion of a one-year probation period. Initially, Jeffries was permitted to work on

the first shift until March 27, 2001 when his supervisor required that Jeffries report to work for the second shift. After Jeffries insisted that his cardiac condition and sleep disorder prevented him from working the second shift, his supervisor issued a request for medical information.

On March 30, 2001, Jeffries provided his supervisor with a handwritten note on a prescription form signed by Dr. Zapp from the United States Naval Hospital of Great Lakes, Illinois. Jeffries also submitted an unsigned "To whom it may concern" time-off-work slip which Jeffries had completed in his own handwriting. This slip was written on Naval Hospital stationery. The time-off-work slip allegedly excused Jeffries for two days from work while restricting him to daytime employment only. When questioned about the inconsistencies between the time-off-work slip and the prescription-note, Jeffries claimed Dr. Zapp or a corpsman had instructed him to complete the time-off-work slip. When Dr. Zapp was questioned, she denied that she or the corpsman had instructed Jeffries to complete the time-off-work slip. According to Dr. Zapp, a blank time-off-work slip had been attached to the prescription-note solely for purposes of making her phone number available. As a result of these misrepresentations of a medical document, effective April 14, 2001, the Navy terminated Jeffries for conduct unbecoming a Federal employee.

On April 24, 2001, Jeffries appealed his termination to the MSPB. On May 2, 2001, the MSPB's administrative judge ("AJ") issued an acknowledgment order advising Jeffries to meet his jurisdictional burden as a probationary employee by making a non-frivolous allegation of partisan political discrimination or marital status discrimination. Jeffries never responded to the AJ's acknowledgement order and on June 4, 2001, the AJ dismissed Jeffries's appeal. He thereafter petitioned the full MSPB for review. On August 14, 2001, the MSPB affirmed the AJ's dismissal, finding that Jeffries offered no new, previously unavailable evidence and the initial decision contained no error in law or regulation affecting the outcome.

Pursuant to 5 U.S.C § 7703(c)(1)-(3) (2000), this court must affirm the MSPB unless its decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Hayes v. Dep't of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984). Jurisdiction is a question of the law that we review *de novo. Middleton v. Dep't of Defense,* 185 F.3d 1374, 1379 (Fed.Cir.1999).

Although 5 U.S.C § 4303(e) (2000) entitles qualified federal employees to appeal agency removals to the MSPB, 5 U.S.C. § 4303(f)(2) (2000) expressly excludes "removal of an employee ... who is serving a probationary or trial period." However, this court has recognized that 5 C.F.R. § 315.806(b) (2001) provides a "narrow exception to the non-reviewability of termination during the probationary period ... where the [probationary] employee alleges the termination 'was based on partisan political reasons or marital status.'" *Pervez v. Dep't of Navy,* 193 F.3d 1371, 1375 (Fed.Cir.1999) (quoting 5 C.F.R. § 315.806(b)); *see also Stokes v. Federal Aviation Admin.,* 761 F.2d 682, 684–85 (Fed.Cir.1985).[1]

---

1. This court has also held that 5 C.F.R. § 315.806(c) provides probationary employees a right to appeal a termination under section 315.805 (pre-appointment conditions) on the ground that it "was not effected in accordance with the procedural requirements of that section." *Pierce v. Gov't Printing Office,* 70 F.3d 106, 108 (Fed.Cir.1995). In

Here, the burden was on Jeffries to establish MSPB jurisdiction. *Forest v. MSPB*, 47 F.3d 409, 410 (Fed.Cir.1995). The AJ found that Jeffries had not carried his burden of establishing the MSPB's jurisdiction because Jeffries had failed to make a non-frivolous allegation of discrimination based on partisan politics or marital status. In his petition for full MSPB review Jeffries alleged: "[t]he discrimination against me is either based on my disability or on my marital-status or family-status (a personal and private matter)." Beyond this, there is not the slightest suggestion, let alone evidence of disparate treatment based on marital status or partisan politics. Jeffries's "conclusory pleading, totally devoid of substantive support, is insufficient to establish jurisdiction." *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999) We therefore conclude that the MSPB did not err in dismissing Jeffries's appeal for lack of jurisdiction.

The MSPB's decision is not arbitrary, capricious, or an abuse of discretion. In addition, it is in accordance with the law and is supported by substantial evidence of record. Thus, we *affirm* the decision of the MSPB.

addition, probationary employees may bring an individual right of action pursuant to the Whistleblower Protection Act 5 U.S.C. § 2302(b)(8). *Kewley v. Dep't of Health & Human Services*, 153 F.3d 1357, 1366 (Fed. Cir.1998). In this case, the Navy terminated Jeffries under post-appointment conditions. Therefore the AJ properly considered Jeffries' appeal according to 5 C.F.R. 315.806(b).