Elizabeth M. PARKER–STUCKEY,
Petitioner,

v.

DEPARTMENT OF the TREASURY,
Respondent.

No. 02–3189.

United States Court of Appeals,
Federal Circuit.

Sept. 9, 2002.

626

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LOURIE, Circuit Judge.

PER CURIAM.

DECISION

Elizabeth M. Parker–Stuckey appeals from the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. *Parker–Stuckey v. Dep't of Treasury,* 91 M.S.P.R. 131 (M.S.P.B.2002) (*"Parker–Stuckey II"*). Be-

cause the Board did not err in dismissing the appeal, we *affirm.*

DISCUSSION

Ms. Parker–Stuckey was an employee of the Internal Revenue Service from February 1985 until her resignation in July 2000. On January 8, 2001, she was rehired as a Data Transcriber, a career-conditional appointment subject to a one-year probationary period. While seeking that appointment, Parker–Stuckey completed Form 306, which she signed as "applicant" on two dates prior to her appointment and as "appointee" on January 8, 2001, the effective date of her appointment. On the form, she answered "yes" to the question whether she had been convicted of any crime within the previous ten years and listed a 1992 arrest for issuing a bad check. However, she did not disclose her 1996 convictions for possession of marijuana and willfully giving a false name to police. The Department of the Treasury (the "agency") terminated Parker–Stuckey on June 21, 2001, effective July 13, 2001, for providing misleading information on the Form 306.

Parker–Stuckey challenged her removal by filing a timely appeal to the Merit Systems Protection Board. In an order dated August 31, 2001, an administrative judge ("AJ") advised Parker–Stuckey that she could meet her jurisdictional burden as a probationary employee terminated for pre-appointment reasons by showing that the agency's failure to follow the procedural requirements of 5 C.F.R. § 315.805 constituted harmful error. *Parker–Stuckey v. Dep't of Treasury,* 91 M.S.P.R. 131 (M.S.P.B.2001) (*"Parker–Stuckey I"*). After determining that Parker–Stuckey's termination was based on both pre-appointment and post-appointment grounds because she had signed the Form 306 both before and after her appointment became

effective, the AJ issued a second jurisdictional order dated October 3, 2001. *Id.* That order advised Parker–Stuckey that, as a probationary employee terminated for post-appointment reasons, she could also meet her jurisdictional burden by making a nonfrivolous allegation that her termination was due to discrimination based on marital status or partisan political reasons. *Id.* After the parties responded to both orders, the AJ found that Parker–Stuckey had failed to provide facts that would establish harmful error and that she had failed to raise claims of discrimination based on marital status or partisan politics. *Id.* The AJ thus issued an Initial Decision dismissing the appeal for lack of jurisdiction. *Id.* The full Board denied Parker–Stuckey's petition for review and made the decision of the AJ final. *Parker–Stuckey II.* Parker–Stuckey timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). The Board's jurisdiction is limited to those actions specifically enumerated by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); 5 C.F.R. § 1201.3(a) (2001). The scope of the Board's jurisdiction is a question of law that we review *de novo. Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed.Cir.1998). Parker–Stuckey has the burden of proving by

preponderant evidence that the Board has jurisdiction over her appeal. *See* 5 C.F.R. § 1201.56(a)(2) (2001).

On appeal, Parker–Stuckey apparently argues that the procedural guidelines governing her termination were not applied properly, claiming that she did not receive "any type of warning of what was happening." She also makes a general allegation of discrimination, but the basis of that claim is unclear. The government responds that the Board properly concluded that there was no merit to Parker–Stuckey's pre-appointment claim because she did not allege any facts to show that she would not have been terminated had she received the procedural protections of 5 C.F.R. § 315.805.* The government also contends that the Board correctly dismissed Parker–Stuckey's post-appointment claim for lack of jurisdiction because Parker–Stuckey failed to make a nonfrivolous allegation of discrimination based on marital status or partisan politics.

■ An employee who has been terminated during a probationary period has a limited right of appeal to the Board. For a termination arising from post-appointment reasons, the probationary employee may appeal to the Board on the limited grounds that the termination "was based on partisan political reasons or marital status." *Pervez v. Dep't of Navy*, 193 F.3d 1371, 1375 (Fed.Cir.1999) (quoting 5 C.F.R. § 315.806(b) (2001)). For a termination arising from pre-appointment reasons, the probationary employee may also challenge the termination on the ground that it "was not effected in accordance with the procedural requirements of [5 C.F.R. § 315.805]." *Pierce v. Gov't Printing Office*, 70 F.3d 106, 108 (Fed.Cir.1995) (quoting 5 C.F.R. § 315.806(c) (2001)).

---

* Initially, the government argued to the Board that Parker–Stuckey's termination was based on post-appointment grounds only and that she therefore was not entitled to the procedural protections of 5 C.F.R. § 315.805.

That section entitles the probationary employee to advance written notice of the proposed termination, a reasonable time for filing a written answer to the notice, consideration of the answer by the agency, and written notice of the agency's decision. 5 C.F.R. § 315.805 (2001).

Parker–Stuckey asserts that she was terminated for post-appointment reasons. In fact, since the single event that led to her termination occurred both before and after her appointment, all arising from the same act of providing misleading information on the Form 306, albeit at different times, both pre-appointment and post-appointment reasons were relied on. Thus, she was entitled to attempt to challenge the termination under either 5 C.F.R. § 315.806(b) or 5 C.F.R. § 315.806(c). We conclude that whether her termination was based on pre-appointment or post-appointment grounds, the Board properly dismissed her appeal.

■ However, Parker–Stuckey has not met her burden to establish Board jurisdiction as a probationary employee terminated on post-appointment grounds. She has not raised any allegations, let alone any nonfrivolous allegations, of discrimination based on partisan politics or marital status. Her conclusory pleading of discrimination is insufficient to establish jurisdiction under the available criteria. *See Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). The Board therefore properly found that it lacked jurisdiction under 5 C.F.R. § 315.806(b).

■ As for the pre-appointment grounds, in order to establish jurisdiction under 5 C.F.R. § 315.806(c), Parker–Stuckey did not need to prove that any agency procedural defects constituted harmful error; rather, she needed only to make a nonfrivolous allegation that the agency did not comply with the procedural requirements of 5 C.F.R. § 315.805. *See*

*Pierce*, 70 F.3d at 109 (requiring "only a nonfrivolous allegation" for jurisdiction to attach in a probationary employee's appeal of a termination based on a pre-appointment condition). We believe that Parker–Stuckey did that. Thus, we find that the Board had jurisdiction over Parker–Stuckey's appeal under 5 C.F.R. § 315.806(c).

■ Once a probationary employee has established jurisdiction in an appeal under 5 C.F.R. § 315.806(c), the Board must consider the merits of the employee's claim that the agency failed to comply with the procedural requirements. Here, although the Board incorrectly characterized its decision as being based on a lack of jurisdiction, we find that the Board adequately addressed the merits of Parker–Stuckey's claim under 5 C.F.R. § 315.806(c). *Cf. Pierce*, 70 F.3d at 109 (acknowledging the Board's dismissal for lack of jurisdiction under 5 C.F.R. § 315.806(c), but affirming the Board's decision on the merits). The Board determined that Parker–Stuckey had "failed to allege any facts establishing that the agency's failure to provide her with the procedural requirements of 5 C.F.R. § 315.805 constituted harmful error." *Parker–Stuckey I*; *see* 5 C.F.R. § 1201.56(c)(3) (defining "harmful error" as "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error"). Before the Board and on appeal to this court, Parker–Stuckey has made no factual allegations that the agency's purported failure to provide certain procedural protections constituted harmful error. She has also not made any assertions showing that the agency would have reached a different conclusion had it complied with the procedural requirements of 5 C.F.R. § 315.805. We therefore conclude that the agency did not commit harmful

error and that the Board did not err in dismissing Parker–Stuckey's appeal.

We have considered Parker–Stuckey's remaining arguments and find them unconvincing.

The Board correctly found that it lacked jurisdiction to hear Parker–Stuckey's appeal under 5 C.F.R. § 315.806(b). However, although the Board did have jurisdiction to entertain Parker–Stuckey's appeal under 5 C.F.R. § 315.806(c), it adequately and correctly considered and decided the merits of Parker–Stuckey's appeal under that section. The Board therefore did not err in dismissing the appeal. Accordingly, we affirm.