**Thomas J. DEVEAU, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

No. 02–3386.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 6, 2003.

Before MAYER, Chief Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Thomas J. DeVeau seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. Because Mr. DeVeau's allegations were not within the scope of appeal rights accorded an employee terminated during a probationary period, we *affirm.*

A probationary employee may appeal his termination to the Board only in limited circumstances. *See* 5 C.F.R. § 315.806; *Pierce v. Gov't Printing Office,* 70 F.3d 106, 108 (Fed.Cir.1995). First, such an employee may appeal a termination that he "alleges was based on partisan political reasons or marital status." 5 C.F.R. § 315.806(b). Second, when the employee's termination is based on conditions arising before his appointment, *see* 5 C.F.R. § 315.805, the employee may appeal on the ground that the termination was not effected in accordance with certain procedural requirements. 5 C.F.R. § 315.806(c).

Mr. DeVeau's appeal to the Board does not come within these narrow circumstances. The Navy terminated Mr. De-Veau based on his inability to be granted a security clearance within a reasonable period. Under Board precedent, denial of a security clearance during an employee's probationary period is not a pre-appointment reason for termination within the meaning of 5 C.F.R. § 315.806(c). *See Von Deneen v. Dep't of Transp.,* 33 M.S.P.R. 420, 423, *aff'd,* 837 F.2d 1098 (Table) (Fed.Cir.1987). Furthermore, Mr. DeVeau has not made a non-frivolous allegation that his termination was based on partisan political reasons or marital status.

On appeal to this court, Mr. DeVeau does not challenge the findings underlying the Board's dismissal for lack of jurisdiction. Instead, he argues his case on the merits, contending that the Navy had no justification for denying his security clearance. Because the Board correctly dismissed Mr. DeVeau's appeal for lack of jurisdiction, however, neither the Board nor this court may address the merits of his case.