**Valarie A. SMITH, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3390.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 13, 2003.

---

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Valerie A. Smith petitions for review of a decision of the Merit Systems Protection Board (Board) dismissing her appeal for lack of jurisdiction. *Smith v. Merit Sys. Prot. Board,* Docket No. MB315H020001–I–1, 92 M.S.P.R. 229 (August 2, 2002). Because the Board correctly determined that Ms. Smith failed to establish grounds of appeal, the dismissal is *affirmed.*

## BACKGROUND

Ms. Smith received a career conditional appointment on May 29, 2001 as a computer specialist at the Merit Systems Protection Board. The appointment was subject to a one-year probationary period. During this probationary period, Ms. Smith committed various infractions with respect to absence without leave and misuse of her government credit card. Ms. Smith in turn cited her mental health as a mitigating circumstance. On October 23, 2001 Ms. Smith was notified of termination of her employment.

On appeal to the Board, the administrative judge (AJ) ordered Ms. Smith to demonstrate that her appeal was within the Board's jurisdiction. The AJ ruled that any medical conditions predating employment do not provide an alternate basis for jurisdiction, and dismissed the appeal.

Ms. Smith appeals her termination, stating that the agency committed a procedural error by failing to give her advance written notice or an opportunity to respond to the termination, stating that mitigating circumstances, including pre-existing medical depression, caused her to act as she did.

## DECISION

The scope of our review of decisions of the Board is limited. We must affirm Board decisions unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

A probationary employee is not an "employee" as defined by 5 U.S.C. § 7511(a)(1), and the statutory appeals process pursuant to 5 U.S.C. § 7703(a)(1) is unavailable during the probationary period. A probationary employee has a right to appeal a termination decision only as provided by statute and regulation, which limit appeals to grounds of partisan politics or marital status, or based on "conditions arising before [her] appointment" without procedural requirements being followed. 5 C.F.R. §§ 315.805, 315.806. *See Pierce v. Government Printing Office,* 70 F.3d 106 (Fed.Cir.1995). The probationary employee bears the burden of establishing that her appeal is within the jurisdiction of

the Board. *See Stokes v. Federal Aviation Administration,* 761 F.2d 682 (Fed.Cir. 1985).

Ms. Smith claims that because she notified her supervisor of her depression, she was entitled to procedural protections. However, the record shows that Ms. Smith was not separated because of her illness, but rather for unauthorized absences and for using a credit card improperly, all conduct that occurred after her appointment. Ms. Smith did not submit contradictory evidence. An agency is not required to comply with the procedures set forth in § 315.805 where the separation was proposed for performance deficiencies after the employee started working at the agency. *Pierce,* 70 F.3d at 108.

No costs.