Marvin MARCUS

v.

The UNITED STATES.

No. 126–72.

United States Court of Claims,
Feb. 16, 1973.

Edwin J. McDermott, Philadelphia, Pa., attorney of record for plaintiff.

Mark R. Wiener, Washington, D. C., with whom was Asst. Atty. Gen., Harlington Wood, Jr., for defendant.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG and BENNETT, Judges.

NICHOLS, Judge:

Plaintiff is suing for pay allegedly due him as the result of an illegal discharge from a position as a Social Insurance Representative at the Department of Health, Education, and Welfare (HEW). The basis of plaintiff's claim is that he was denied the procedural safeguards guaranteed him by the Veterans' Preference Act of 1944. The present codification of that Act, 5 U.S.C. §§ 7511–12 (1970), states in pertinent part:

* * * "preference eligible employee" means a permanent or indefinite preference eligible who has completed a probationary or trial period as an employee of an Executive agency * * *.

* * * * * *

* * * An agency may take adverse action against a preference eligible employee, * * * only for such cause as will promote the efficiency of the service.

* * * A preference eligible employee against whom adverse action is proposed is entitled to—

(1) at least 30 days' advance written notice, * * * stating any and all reasons, specifically and in detail, for the proposed action;

(2) a reasonable time for answering the notice personally and in writing * * *.

The case is before us on cross motions for summary judgment. We conclude that the plaintiff cannot recover.

Plaintiff entered the Federal Civil Service in 1952. He obtained permanent status on January 15, 1953. On January 11, 1970, plaintiff transferred to the Internal Revenue Service (IRS) where he was employed as a Tax Technician, until August 23, 1970. He was then appointed from a Civil Service Register to the position of Claim Representative Trainee at HEW. This last change in position was described by the IRS on a Standard Form 50 (SF 50) as a Separation-Transfer. However, the SF 50 issued by HEW to indicate plaintiff's appointment designated the change in position as a career appointment from a Civil Service Register following resignation from the Treasury Department. Plaintiff was placed in a one year probationary period. On March 9, 1971, plaintiff was advised that his employment with HEW would terminate effective March 27, 1971, for reasons of inefficiency.

Plaintiff thereafter sought relief through the Civil Service Commission (CSC) but without success. The CSC held that, as a probationer, he could not have his separation reviewed. It is clear that in being dismissed, plaintiff was not afforded the procedural safeguards provided for in the Veterans' Preference Act. The question remains, however, as to whether plaintiff qualified for the protection of the Act. And the answer to that question turns on whether plaintiff was properly on a probationary status, as required by HEW, when terminated.

Plaintiff tells us that while at IRS he was designated to be in Tenure Group I and thus met the qualifications of the Veterans' Preference Act. He invites the court's attention to the SF 50 issued by Treasury, which indicated that his change in position was a separation transfer. As a transferee plaintiff would have been entitled to retain his tenure status and his rights under the statute. Finally the plaintiff points out that the SF 50 originally issued by HEW which indicated that he had resigned from the position at Treasury was subsequently corrected to indicate that plaintiff had in fact been separated from his position at Treasury. Plaintiff argues that the defendant should be estopped from denying that this correction demonstrated a recognition on the part of HEW that he had transferred and therefore retained his rights.

Defendant admits that if plaintiff had transferred from his position at Treasury to HEW he would have retained his rights under the statute. However, defendant points out that the CSC Regulation, 5 C.F.R. § 315.501 states only that the appointing agency *may* appoint by transfer a career or career-conditional employee of another agency. Defendant contends that this language indicates that the appointing agency, here HEW, had the discretion to appoint plaintiff either by way of transfer or from the Civil Service Register. As evidence that plaintiff was in fact appointed from the Civil Service Register, defendant points to the original and corrected SF 50 forms issued by HEW, both of which indicate that plaintiff was chosen from the Civil Service Register and not transferred. Defendant tells us that 5 C.F.R. § 315.801 directs that when an employee is chosen from the Civil Service Register he is to serve a one year probationary period. Finally, defendant invites the court to look to the Federal Personnel Manual, Chapter 315, Appendix A, which indicates that in order for prior Government service to be counted toward the completion of a new probationary period it must have been in the same line of work and in the same agency in which the action is taken. Defendant says plaintiff here clearly falls outside of this prescription, his former work being of a different type and in a different Government agency.

■ The pertinent Regulations and case law indicate that if plaintiff was correctly designated to be a probationary employee at HEW, his dismissal was in accord with the rights afforded to such employees. A careful inspection of the SF 50 forms issued by HEW in this case indicates that plaintiff was appointed from a Civil Service Register. The original SF 50 issued by HEW indicated in the section entitled "nature of action" a "code 100 Career Appt" and the section entitled "Civil Service or Other Legal Authority" indicated "CS Register". The Federal Personnel Manual Supp. 296–31 V.–34.01 (hereinafter,

Manual) explains that such designations are to be used when an applicant is appointed from the Civil Service Register. The Corrected SF 50 issued by HEW did not change the pertinent designations. Thus, it appears that HEW appointed the plaintiff from the Civil Service Register, as it had the discretionary authority to do under 5 C.F.R. § 315.501 instead of appointing him as a transferee. There is nothing to show that anyone coerced or compelled the plaintiff to take, as he did, the Federal Service Entrance Examination, or get his name on the Register. These were voluntary acts done with the view of obtaining new Federal employment by that route.

As noted by this court in Tierney v. United States, 168 Ct.Cl. 77 (1964), the power of appointment is an executive function. For this court to determine whether plaintiff should have been appointed or transferred would be a usurpation of an administrative function. The agency had the discretion to choose whether it would transfer plaintiff or not and unless that choice is arbitrary or capricious it cannot be overturned. In this case, the fact that plaintiff was unable to perform his duties at HEW adequately, indicates by hindsight that the decision to appoint him from the Civil Service Register was a reasonable one. 5 C.F.R. § 315.801 prescribes that plaintiff had to serve a one year probationary period, having been chosen from the Civil Service Register.

■ Plaintiff argues that even if he was chosen from the Civil Service Register his prior Government service should be counted towards his probationary period at HEW. The pertinent Manual provision and the case law on the subject do not support plaintiff's contention.

The Manual, Chapter 315, Subchapter 8, Par. 8–2 states:

\* \* \* An eligible given a career-conditional or career appointment by selection from a certificate of eligibles is required to serve a probationary pe-

riod of one year. This applies not only to the first appointment of this kind, but to any subsequent career or career-conditional appointment by selection from a certificate of eligibles, regardless of whether the appointee had previously completed a probationary period. * * *

There are two pertinent exceptions to this general rule. One involves the case where an employee is transferred rather than appointed from the Civil Service Register. As the foregoing section of our opinion indicates, plaintiff was not one of those. The second exception involves cases where prior service can be counted in determining the completion of the probationary period. As stated in the Manual, Chapter 315, Appendix A, prior service can be counted only if "It was in the same line of work and in the same agency as the position for which the action is taken." Since plaintiff's prior service was not in the same line of work as his service at the time of his dismissal it cannot count towards his probationary period.

Cases which have dealt with the question of probationary employment indicate that this court has interpreted the law as the Manual does.

In Dargo v. United States, 176 Ct.Cl. 1193 (1966), the plaintiff was challenging her dismissal from a position as Personnel Assistant in the Foreign Claims Settlement Commission. Plaintiff contended that she was not a probationary employee for reason of having served in that *agency* immediately prior to her most recent appointment and having obtained permanent status in her former position. The court upheld the decision of the Civil Service Commission, that plaintiff's prior service as Confidential Assistant to the former Commissioner was not the same line of work as that of her new position and could not count toward satisfying her probationary period. The plaintiff's rights as a probationary employee were deemed not violated and her dismissal was upheld.

The plaintiff invites the court's attention to the dissenting opinion by Judge Madden in the case of Bander v. United States, 158 F.Supp. 564, 141 Ct.Cl. 373, cert. denied, 358 U.S. 855, 79 S.Ct. 85, 3 L.Ed.2d 89 (1958). Bander had served for ten years with the Commerce Department as an economist or statistician. He left Government service for a period of three years, after which he applied for and obtained a position as letter carrier with the Post Office Department. Having been chosen from the Civil Service Register, plaintiff was compelled to serve a one year probation during which he was dismissed for incompetence without receiving a thirty day notice. Part of plaintiff's argument was that he was protected by the Veterans' Preference Act of 1944. The court in that case was called upon to interpret the 1952 codification of that Act 5 U.S.C. § 863, which referred to a "permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service". A comparison with the present codification of the Act as set out at the beginning of this opinion indicates that the prior codification could have been interpreted to cover all eligible employees who had completed a probationary period anywhere in the Civil Service. The majority of the court held that the rules promulgated to implement the Act indicated that Bander had to have served in the same agency and in the same line of work in order that he qualify under the Act. Judge Madden writing for the minority viewed the language of the 1952 codification as being broad enough to cover all eligibles who had completed one year probation anywhere in the Civil Service. After noting that Bander was seeking employment in many ways less exacting than his former Government position, Judge Madden stated that he would hold Bander to be protected by the Act.

It is significant that the court in *Bander* was asked to interpret a wholly different codification of the Act of 1944 than the one before us. While the prior

codification may have left some room for plaintiff's position therein, the present one, especially in light of the provisions of the Manual which were issued as an aid in the application of the Act, leaves very little possibility of an interpretation which would favor the plaintiff.

Judge Madden assumed that prior service established that Bander had the qualifications, which he supposed must have been included as part of those of the prior position, except for the physical requirements, for a letter carrier, and a probationary period was an inappropriate way of determining these. There are no such special circumstances here. It is unfortunately true that long service in a tenured position in Government is no guarantee of competence. As everyone knows, tenure sometimes protects incompetence, and the only reason why it is tolerated is that its alternative, the spoils system, fosters incompetence even more. An agency is not normally required to assume that employees of other agencies are competent. Should one of them apply for employment, it can reject him entirely, accept him as a new appointee from the Register, with a concomitant probationary period, or accept him as a transferee. It is entitled to make its decision in light of its obligation to get its work out. It is absurd to say that tenure makes no difference: that it is just as easy to get rid of an incompetent tenured employee as a probationer, except for a little more paper work. The very purpose of tenure is to establish that there will be differences, of which the thirty days notice is but the beginning. Defendant attaches to its "supplemental statement" a letter purportedly signed by plaintiff herein, showing that he was in trouble at IRS, and felt himself about to be separated for unsuitability, at the time he accepted his probationary appointment at HEW. If HEW knew of this, it would surely refute any suspicion of arbitrary action in its requiring probation, such as Judge Madden imputed to the Post Office De-

partment. Plaintiff's later "supplemental statement" does not explain or refute this letter, or deny its authenticity, or object to our considering it. It was part of the CSC file transmitted to this court. We do not need to consider it or give it weight, in reaching the result we do, because the presumption of regularity of official action would require us to suppose that valid reasons existed for the official decision herein, the one indicated by the letter or some other, unless it affirmatively appeared that the reason was something improper, or the action was taken without reason. Plaintiff in his cross motion does not allege or document anything like this, and we must suppose, therefore, that the decision to require him to undergo a probationary period was made in good faith in the supposed interests of the efficiency of HEW, and it was therefore not an abuse of discretion. With all respect to Judge Madden, his unwillingness to postulate similar reasons in *Bander's* case cannot command our imitation here. Being unable to imagine reasons in the case before him, he wanted to cut down management's rights even when reasons existed.

We take this much notice of Judge Madden's dissent, because plaintiff incorporates it textually into his brief as his own argument, and for the further reason that Madden's dissents are, like Mr. Justice Holmes', supposed by many to be entitled to more weight than the majority opinions of other judges, and no doubt oftentimes they are.

■ In view of the foregoing opinion, our conclusion is that the plaintiff has called our attention to no fact, and made no legal argument, which would establish that his separation from HEW employment, under the conditions applicable to probationary employees, was in any way or for any reason illegal. Therefore, the plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment is allowed. The petition is dismissed.