**Nilofer PERVEZ, Petitioner,**

v.

**DEPARTMENT OF THE NAVY, Respondent.**

**No. 99–3102.**

United States Court of Appeals, Federal Circuit.

Oct. 25, 1999.

---

James A. Endicott, Jr., of Harker Heights, Texas for petitioner.

Kenneth S. Kessler, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

This petition to review challenges the Merit Systems Protection Board ("Board")'s dismissal for want of jurisdiction of the petitioner Pervez's appeal from her removal by the Department of the Navy. The Board took that action because

the removal was effected while Pervez was a probationary employee, a decision the Board had no jurisdiction to review. We affirm.

## I

The pertinent facts, as set forth in the Board's decision and in the record, are undisputed.

Pervez worked for 15 years as a pharmacist with the Department of the Army. Her employment there was terminated "to accept appointment in the Department of the Navy," effective March 29, 1997. She was given a career appointment in the same capacity with the Department of the Navy effective March 30, 1997. The Standard Form 50–B, which documented her appointment, stated that the "appointment is subject to completion of one year initial probationary period beginning 03–30–97" and that "you will be in tenure group 11 until you complete the one-year probationary period that began 03–30–97."

On February 27, 1998, within the one year probationary period, the Department of the Navy discharged her "for the offenses of (1) Misuse of Government Equipment; (2) Inattention to Duty; (3) Leaving Job and DON Premises, to Which Assigned During Regular Working Hours, Without Proper Authorization; and (4) Endangering the Safety of Patients."

Pervez appealed her discharge to the Board. Noting that "[p]robationary employees ... have limited rights of appeal to the Board," the Board's administrative judge directed Pervez "to file evidence and argument to prove that this action is within the Board's jurisdiction." Pervez replied that she had "legal status as a permanent employee with a total of 17 years, and 9 months continuous federal service," and that she was not "an employee serving a probationary period."

The Board dismissed the appeal for lack of jurisdiction. In her initial decision, which became final when the Board denied review, the administrative judge ruled that the Navy had removed Pervez during her probationary period, and that the Board

therefore did not have jurisdiction over her appeal.

## II

Under Office of Personnel Management (OPM) regulations,

> (a) The first year of service of an employee who is given a career or career-conditional appointment under this part is a probationary period when the employee:
>
> (1) Was appointed from a register....

5 C.F.R. 315.801(a).

The regulations further provide that "Prior Federal civilian service ... counts toward completion of probation when the prior service:

> (1) Is in the same agency, e.g., Department of the Army...."

5 C.F.R. 315.802(b).

■ The regulations do not define the term "same agency." In this case, however, we need not explore the parameters of that phrase, since we agree with the Board that Pervez's prior service in the Department of the Army was not "in the same agency" as her service in the Department of the Navy.

The Navy and the Army are separate Departments, each headed by a Secretary and with a full complement of Assistant Secretaries, a General Counsel, and a large number of subordinate officials. As the Board stated in *Francis v. Department of the Navy*, 53 M.S.P.R. 545, 549 (1992), a virtually identical case we discuss below, "the organizational history of the Department of Defense indicates that the military service departments were intended to function—at least, with respect to personnel matters—with the independence that generally characterizes executive departments outside the Department of Defense, rather than the limited kind of independence that generally characterizes organizations within those departments." Indeed, Section 315.802(b) gives as an ex-

ample of "the same agency," the "Department of the Army."

That the Departments of the Army and the Navy are not "the same agency" is confirmed by the Standard Form 50's that were used to document Pervez's personnel changes. The form that covered the first termination listed as "Employing Department or Agency," "Dept. of the Army." The forms covering her new appointment and her termination during her probationary period listed as the employer "Dept. of the Navy."

The fact that these two departments also are part of the Department of Defense is not inconsistent with their treatment as separate agencies for personnel purposes. *See Francis, supra.* Within the Executive Branch of the government, there are many separate agencies that are part of the same department. For example, the Federal Bureau of Investigation and the Immigration and Naturalization Service are both part of the Justice Department; the Census Bureau and the International Trade Administration are both part of the Commerce Department.

The only theory upon which Pervez's appointment in the Department of the Navy could have been "in the same agency" in which she previously worked (the Department of the Army) was that in both positions she was an employee of the Department of Defense. The Standard Form 50's documenting her employment, however, established that she was not an employee of the Department of Defense, but of the Departments of the Army and the Navy.

The Board dealt with a virtually identical situation in *Francis.* There the employee was removed as a nurse by the Department of the Navy during her one year probationary period. She contended that her earlier service as a nurse with the Department of the Army should have been credited toward her probationary period because both Departments were part of the "same agency" since they were part of the Department of Defense. The Board held that the Department of the Navy had

removed her during her probationary period and dismissed the appeal for lack of jurisdiction. It discussed the legislative history of the National Security Act Amendments of 1949, Pub.L. No. 81–216, § 4, 63 Stat. 578, which created the Department of Defense and redesignated the Departments of the Army, Navy, and Air Force, which had been executive departments, as military departments. It concluded that "the legislative history provides strong support for the proposition that the military departments are to be regarded as separate agencies for purposes related to the appointment and employment of civilian personnel," and that

The statutory provisions and legislative history described above demonstrate that Congress intended, in redesignating the Department of the Army and the Department of the Navy as military departments, to allow their independent appointing authority and other personnel functions to continue, and to continue to treat the two departments as separate agencies for purposes of part 315. It follows, then, that service in one military department is not creditable toward completion of a probationary period in another military department.

53 M.S.P.R. at 550–51. We agree with that reasoning.

■ Pervez contends that because she was not "appointed from a register" of eligible applicants, as 5 C.F.R. 315.801(a)(1) requires for the probationary period requirement to apply, she was not a probationary employee. The Board found, however, that "the undisputed documentary evidence shows that her appointment to the Pharmacist position was from the OPM register." The record supports that conclusion. Box 5A of the Standard Form 50 covering Pervez's appointment in the Department of the Navy lists as the "Code" involved "100." This is the code used to identify employees hired from a register. *See General Accounting Office v. General Accounting Office Personnel Appeals Bd.,* 707 F.2d 1559, 1561 (D.C.Cir.

1983) (noting that the "personnel action code" is 100 for a career appointment from a register and 130 for a transfer"); *Marcus v. United States*, 200 Ct.Cl. 544, 473 F.2d 896, 898 (1973) (explaining that the Federal Personnel Manual designates "a code 100 Career Appt" for applicants appointed from the Civil Service Register).

■ The documentation in the Standard Form 50 of Pervez's termination and appointment also refutes her contention that her employment with the Department of the Navy resulted not from her appointment to a position there, but from a transfer from the Department of the Navy. *See Mastriano v. Federal Aviation Admin.*, 714 F.2d 1152, 1154 (Fed.Cir.1983).

## II

■ Generally, an employee serving a probationary period is not an "employee" under 5 U.S.C. 7511(a)(1)(A) (defining "employee" as an "individual in the competitive service (i) who is not serving a probationary or trial period under an initial appointment"). The Board, therefore, has no jurisdiction over such an employee's appeal from termination during the probationary period. *See Mastriano*, 714 F.2d at 1155. OPM regulations provide a narrow exception to the non-reviewability of termination during the probationary period. The Board may entertain such an appeal where the employee alleges the termination "was based on partisan political reasons or marital status." 5 C.F.R. 315.806(b); *see also Mastriano*, 714 F.2d at 1155. Pervez, however, does not allege that her termination involved either of those grounds.

■ Pervez contends that the Board should have held an evidentiary hearing on the issue of jurisdiction. "There is no statutory authority requiring the MSPB to hold a hearing on the threshold issue of jurisdiction.... Nevertheless, ... it would be appropriate for the MSPB to honor a request for hearing [sic] where a petitioner's allegations raise non-frivolous issues of fact relating to jurisdiction which cannot be resolved simply on submissions of documentary evidence." *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427–28 (Fed.Cir.1984). As the prior discussion shows, Pervez has not raised any "non-frivolous issues of fact relating to jurisdiction" that require a hearing for their resolution.

Since the Board correctly ruled that Pervez was removed during her probationary period, it properly dismissed her appeal from that removal for want of jurisdiction.

## CONCLUSION

The decision of the Merit Systems Protection Board dismissing Pervez's appeal for lack of jurisdiction is

## AFFIRMED.