NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3165

LEIGHTON D. PHARR,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: March 10, 2006

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) denied Leighton D. Pharr's petition for review of an Initial Decision dismissing his appeal for lack of jurisdiction. Pharr v. Dep't of Army, Docket No. DA-315H-04-0447-I-1 (M.S.P.B. Feb. 10, 2005) (Final Order). Because the Board correctly determined that it did not have jurisdiction to consider Mr. Pharr's appeal, this court affirms.

BACKGROUND

On April 21, 2003, Mr. Pharr was appointed as a GS-5 Quality Assurance Specialist (Ammunition), a competitive position with the Department of the Army. Mr. Pharr's appoint was subject to a one-year probationary period. The Army terminated

his employment based on a charge of "violence in the work place." That termination was effective April 14, 2004, about one week before the end of the probationary period. Mr. Pharr timely appealed his termination to the Board. Before the Board, he argued that the behavior leading to his termination was merely horseplay done in a friendly and joking manner. Based on Mr. Pharr's probationary status at the time of his termination, the Board concluded that it lacked jurisdiction and dismissed Mr. Pharr's appeal. Pharr v. Dep't of Army, Docket No. DA-315H-04-0447-I-1, slip op. at 3 (M.S.P.B. May 19, 2004) (Initial Decision).

DISCUSSION

In dismissing Mr. Pharr's appeal, the Board noted 5 U.S.C. § 7701(a), which limits its appellate jurisdiction to that granted by statute, law, or regulation. Initial Decision, slip op. at 2. Probationary employees generally have no statutory appeal rights because 5 U.S.C. § 7511(a) excludes individuals in competitive service serving probationary or trial periods under initial employment from the definition of "employee." See Pervez v. Dep't of Navy, 193 F.3d 1371, 1375 (Fed. Cir. 1999) (discussing 5 U.S.C. § 7511(a)(1)(A)). However, pursuant to 5 C.F.R. § 315.806, probationary employees have a limited right of appeal for terminations alleged to be on the basis of partisan political reasons or marital status. Id. Because Mr. Pharr did not assert that his removal was premised on partisan political reasons or marital status discrimination, the Board concluded that Mr. Pharr failed to meet his burden of proof to establish the Board's jurisdiction. Initial Decision, slip op. at 3.

On appeal, Mr. Pharr does not dispute that his termination was premised on his alleged violent behavior, that the termination occurred while he was a probationary

employee, or that 5 U.S.C. § 7511 provides no right of appeal for a probationary employee. Instead, Mr. Pharr argues that he was deprived of his property interest in his job without due process of law, thus raising a constitutional question.

To establish a procedural due process claim, Mr. Pharr must show that he has some legitimate property or liberty interest in his employment. While procedural due process is guaranteed by the Constitution, the property rights it protects are created not by the Constitution, but by other sources of law. Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Mr. Pharr does not dispute that a probationary employee has no property interest in their job in the absence of an employment contract preventing dismissal except for good cause, or that probationary employees have no due process rights unless the issue arose prior to their appointment as probationary employees. Rather, Mr. Pharr cites Wieman v. Updegraff, 344 U.S. 183, 192 (1952), for the proposition that the Constitution provides recourse for public servants whose exclusion based on a statute is patently arbitrary or discriminatory. Thus, Mr. Pharr argues that the absence of any property interest in his job pursuant to his status as a probationary employee is patently arbitrary and unjust, especially given that he was terminated only seven days from the end of his probationary period. Mr. Pharr's argument misreads Wieman. In Wieman, the Court struck down a state statute requiring all state officers and employees to take a loyalty oath, which, among other things, included provisions foreswearing membership in communist organizations. It was the statute on its face, rather than as applied to a particular person or group, which the Court found to be patently arbitrary and thus unconstitutional. Wieman, 344 U.S. at 219.

05-3165                                    3

While Mr. Pharr devotes a substantial portion of his brief to arguing the merits of his dismissal, he never demonstrates that 5 U.S.C. § 7511, or any other statute or regulation excluding probationary employees from most of the rights to appeal rights enjoyed by regular employees, is itself patently arbitrary. Probationary employees are most vulnerable to dismissal shortly before the end of their probationary period, <u>Shaw v. United States</u>, 622 F.2d 520, 527 (Ct. Cl. 1980), so Mr. Pharr's dismissal at that particular time is not uniquely suspect or unjust. Mr. Pharr's termination so close to the end of his probationary period, while certainly unfortunate from his perspective, does not bestow upon him the rights of a regular employee generally or a property right in his employment in particular.

Because of his probationary status at the time of his termination, Mr. Pharr had no property interest in his employment and thus no valid due process claim. As such, this court affirms the Board's Final Order denying review of the Board's Initial Decision dismissing Mr. Pharr's appeal for lack of jurisdiction.