NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3008

ROBERT T. FLOYD,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:    April 7, 2006

_____

Before NEWMAN, DYK, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Robert T. Floyd ("Floyd") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction the appeal of his separation from the federal service.  Robert T. Floyd v. Dep't of Veterans Affairs, No. PH315H050427-I-1 (M.S.P.B. July 12, 2005).  We affirm.

BACKGROUND

Floyd was appointed to the position of police officer, GS-6, on December 26, 2004.  He was required to serve a one-year probationary period beginning December 26, 2004.  The agency terminated the appellant on May 14, 2005, because he failed to successfully complete the agency's basic police officer training course.

Floyd appealed his termination to the Board on May 20, 2005, alleging that he was expelled from the training course, and that his expulsion and termination were discriminatory. Specifically, he alleged "[i]llegal discrimination, based on race, age, and religion." J.A. at 36. The administrative judge issued an acknowledgment order informing Floyd that the Board may lack jurisdiction over his appeal because he was a probationary employee. The administrative judge ordered Floyd to file evidence and argument regarding Board jurisdiction. Floyd submitted evidence that he had prior federal service as a corrections officer with the Bureau of Prisons and as a police officer with the Central Intelligence Agency some years earlier. Under certain circumstances, prior federal service provides the Board with jurisdiction over appeals by probationary employees. 5 U.S.C. § 7511(a)(1)(A) (2000).

In a July 12, 2005, initial decision, without a hearing, the AJ dismissed Floyd's appeal as outside the Board's jurisdiction because Floyd failed to make a non-frivolous allegation of jurisdiction. That decision became final on August 16, 2005.

DISCUSSION

We must affirm the Board decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). The Board's determination of its jurisdiction is a question of law that we review de novo. See Vesser v. Office of Pers. Mgmt., 29 F.3d 600, 603 (Fed. Cir. 1994).

Under 5 U.S.C. § 7701(a), the Board has jurisdiction when another statute or regulation makes a matter appealable to the Board. Section 7513(d) grants the Board jurisdiction over appeals of removals brought by "employees." An "employee" is defined in section 7511(a)(1)(A) as "an individual in the competitive service--"

    (i)      who is not serving a probationary or trial period under an initial appointment; or

    (ii)     who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.

5 U.S.C. 7511(a)(1)(A) (2000).

Floyd's position was in the competitive service. However, it is undisputed that Floyd's appointment was subject to a one year probationary period, so section 7511(a)(1)(A)(i) does not provide the Board with jurisdiction. See, e.g., Perez v. Dep't of the Navy, 193 F.3d 1371, 1375 (Fed. Cir. 1999) ("an employee serving a probationary period is not an 'employee' under 5 U.S.C. 7511(a)(1)(A)"). Nor does section 7511(a)(1)(A)(ii) apply. Although Floyd submitted evidence indicating he had prior government service, that service ended on March 15, 1991, and thus was not "current continuous service." Because Floyd does not meet the statutory definition of "employee," the Board lacked jurisdiction over his appeal.[1]

Floyd also alleges unconstitutional discrimination on the basis of religion and race, but the Board has no jurisdiction over discrimination claims unless it has

---

[1] The Office of Personnel Management ("OPM") has promulgated regulations that provide for Board jurisdiction over probationary employees who allege termination based on preappointment reasons, partisan political reasons or marital status. 5 C.F.R. §§ 315.805 & 806(c), 806(b) (2005). Floyd does not allege that he was terminated for any of these reasons.

jurisdiction over the underlying agency action.  <u>See</u> <u>Cruz v. Dep't of the Navy</u>, 934 F.2d 1240, 1246 (Fed. Cir. 1991) (<u>en banc</u>).

The Board's decision is affirmed.

No Costs.