# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JAMES MOSER,[1]

        Appellant,

       v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
DC-0752-13-2643-I-1

DATE: March 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

James Moser, Arlington, Virginia, pro se.

Andrea L. Geiger, Esquire, April Christensen, Esquire, Craig G. Trower, Esquire, and Tracey Rockenbach, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this case was part of a consolidation, *Financial Management and Comptroller v. Department of the Navy*, MSPB Docket No. DC-0752-14-0477-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2     The agency furloughed the appellant from his Supervisory Financial Management Analyst position with its Financial Management and Comptroller Operations Division for 6 work days based on "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013," i.e., across-the-board reductions to federal budgetary resources caused by the Budget Control Act of 2011, as amended by the American Taxpayer Relief Act of 2012.  Initial Appeal File (IAF), Tab 1 at 10-13, Tab 3 at 4-10.  The appellant filed an appeal challenging the furlough action, which the Board consolidated with the appeals of similarly-situated employees.  IAF, Tab 1;

MSPB Docket No. DC-0752-14-0477-I-1, Consolidated Appeal File (CAF), Tab 2.

¶3        After holding the requested hearing, the administrative judge affirmed the furlough actions.  CAF, Tab 16, Initial Decision (ID) at 1, 15.  He found that the agency proved by preponderant evidence that the furlough actions promoted the efficiency of the service and that the agency applied its determination as to which employees to furlough in a fair and even manner.  ID at 21-22.  In so finding, the administrative judge rejected the appellant's argument that the Secretary of Defense exceeded his authority in ordering the furlough actions over employees of the Department of the Navy (Navy).  ID at 22-23; CAF, Tab 5 at 6-7 & n.3.

¶4        Of the several appellants whose appeals were consolidated for processing, only the appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition for review, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        In his petition for review, the appellant argues that the Navy, and not DOD, is responsible for decisions regarding the personnel matters of its employees under 10 U.S.C. § 5013.  PFR File, Tab 1 at 4.  He continues to assert, therefore, that the Secretary of Defense exceeded his authority in ordering the furlough actions.  *Id.* at 4-6; CAF, Tab 5 at 6-7 & n.3.  We disagree.  As the administrative judge properly stated, although the Navy is separately organized under the Secretary of the Navy, it operates under the express authority, direction, and control of the Secretary of Defense.  ID at 22; *see* 10 U.S.C. § 5011; *see also Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014); Department of the Navy Administrative Record for FY 2013 Furlough Appeals, available at http://www.mspb.gov/furloughappeals/navy2013.htm (last visited February 24, 2015), Tab 12 at 105-107.  Indeed, the statute identified by the appellant as supporting his position, 10 U.S.C. § 5013, explicitly states that the Secretary of

the Navy's responsibilities are "[s]ubject to the authority, direction, and control of the Secretary of Defense." 10 U.S.C. § 5013(b); PFR File, Tab 1 at 4. The appellant, therefore, has set forth no basis to disturb the administrative judge's finding that the Secretary of Defense, as the head of DOD, clearly had the authority to order the furlough actions at issue in this appeal.[3] ID at 22.

¶6       In his petition for review, the appellant also claims that the initial decision is internally inconsistent concerning the administrative judge's analysis of the efficiency of the service standard. PFR File, Tab 1 at 6-9. In particular, he claims that the administrative judge's statement that the agency only needed to establish, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it contradicted his statement that he had no authority to examine the agency's fiscal decisions regarding the furlough. *Id.* He claims that, because the Navy plainly showed that it had no need to furlough its employees, it was unnecessary for the administrative judge to "look behind" or examine the agency's decision to implement the furlough actions. *Id.* In making this argument, the appellant appears to be challenging the administrative judge's finding that the furlough action promoted the efficiency of the service. *Id.* We find this argument unavailing. Although the appellant claims that the Navy had adequate funding to avoid furloughing its employees, the Board has found that it was reasonable for DOD to consider its budget situation holistically, rather than isolating each military department's situation, in making its furlough decisions. *Yee*, 121 M.S.P.R. 686, ¶ 14. Here, the administrative judge properly found that the agency established that DOD faced a lack of funds and that the furlough

---

[3] The appellant cites *White v. Department of the Army*, 115 M.S.P.R. 664, ¶ 7 (2011), and *Pervez v. Department of the Navy*, 193 F.3d 1371, 1373-74 (Fed. Cir. 1999), to support his position that the Secretary of Defense lacked the authority to furlough Navy employees. PFR File, Tab 1 at 4-6. These cases, however, are not analogous to the present appeal, as they concerned whether the military departments were separate from DOD and each other for purposes of calculating probationary periods under the applicable Office of Personnel Management regulations. *See White*, 115 M.S.P.R. 664, ¶¶ 7-11; *Pervez*, 193 F.3d at 1373-74.

actions, including those of Navy employees, were a reasonable management solution to the problem.  ID at 21-22; *see Yee*, 121 M.S.P.R. 686, ¶ 14.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.