NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AKBAR SALAHUDDIN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1654

---

Petition for review of the Merit Systems Protection Board in No. CH-315H-16-0305-I-1.

---

Decided:  June 7, 2017

---

AKBAR SALAHUDDIN, Louisville, KY, *pro se.*

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by KATHERINE M. SMITH, BRYAN G. POLISUK.

---

Before NEWMAN, LOURIE, and HUGHES, *Circuit Judges.*

PER CURIAM.

Akbar Salahuddin appeals from the final order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Because the Board did not err in concluding that it lacked jurisdiction, we affirm.

I

The Department of the Army appointed Mr. Salahuddin to the position of Human Resources Assistant effective March 23, 2015. This position was subject to a one-year probationary period. The Department terminated Mr. Salahuddin on March 21, 2016 for "failure to demonstrate fitness for continued Federal employment." Appx. 2.

Mr. Salahuddin appealed his termination. The Administrative Judge dismissed his appeal for lack of jurisdiction, finding that because Mr. Salahuddin was serving a probationary period when he was terminated, he was not an employee entitled to appeal rights. Mr. Salahuddin then petitioned to the full Board, which affirmed the Administrative Judge's decision.

Mr. Salahuddin appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

II

We may only hold unlawful and set aside any agency action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). We are bound by the Board's factual findings on which a jurisdictional determination is based unless those findings are not supported by substantial

evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Board has jurisdiction to hear an appeal from an adverse action taken against "an individual in the competitive service . . . who has completed 1 year of current continuous service," 5 U.S.C. § 7511(a)(1)(A), or from any adverse action based on partisan political reasons or marital status, *see Pervez v. Dep't of Navy*, 193 F.3d 1371, 1375 (Fed. Cir. 1999).

Mr. Salahuddin alleges that he qualified as an "employee" because he completed 365 days of continuous service prior to his termination. Because he was terminated on a leap year, Mr. Salahuddin argues that his probationary period ended at the close of business on March 21, 2016. In response, the Board maintains the one year probationary period ended on March 22, the day before the anniversary date of Mr. Salahuddin's initial appointment.

The definition of one year, as used in the statute, is a legal question that we review de novo. We have previously held that the one year probationary period ends on the day before the anniversary date of the initial appointment. *Hardy v. Merit Sys. Prot. Bd.*, 13 F.3d 1571, 1573 (Fed. Cir. 1994). The Board has similarly applied this definition for the one year period. *See*, *e.g.*, *Scull v. Dep't of Homeland Sec.*, 113 M.S.P.R. 287, 293 (2010).

Mr. Salahuddin cites *Tom v. Dep't. of Interior* for the proposition that the Board previously defined one year of service as 365 days. 32 M.S.P.R. 126 (1987). Mr. Salahuddin's reliance on *Tom* is misplaced. In *Tom*, the Board considered whether "seasonal employment . . . for more than four years constitutes 'current continuous service in the same or similar positions.'" 32 M.S.P.R. at 128 . In doing so, the Board held that it could properly consider the employee's service before the 365-day period preceding the agency's adverse action. *Id.* at 130. But the

Board in *Tom* did not define the one-year period as 365 days for the purposes of determining the probationary period.

We have considered Mr. Salahuddin's other arguments and determined that they lack merit.

Because Mr. Salahuddin was terminated during his probationary period, the Board properly dismissed the appeal for lack of jurisdiction. Therefore, we affirm the Board's decision.

**AFFIRMED**

No costs.