NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WEI WANG,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1215

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-20-0753-I-1.

---

Decided: June 10, 2024

---

WEI WANG, Arlington, VA, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, PROST, and STARK, *Circuit Judges.*

PER CURIAM.

Wei Wang appeals a Merit Systems Protection Board ("MSPB") final decision concluding that Ms. Wang failed to make a nonfrivolous allegation of jurisdiction. *Wang v. Dep't of Labor*, No. DC-315H-20-0753-I-1, 2023 WL 8253733 (M.S.P.B. Nov. 28, 2023) ("*Board Decision*"). For the following reasons, we affirm.

BACKGROUND

Ms. Wang was employed, subject to a one-year probationary period, as a career-conditional economist at the Department of Labor ("Labor"). Before the end of her probationary period, Labor sent her a letter proposing to terminate her employment based on a preliminary determination that her "continued employment pose[d] an unacceptable risk for both the security and confidentiality" of Labor's data and reputation. S. App'x 33.[1] The notice of proposed termination stated that Labor had been informed that Ms. Wang was under criminal investigation relating to an alleged incident at her former employer. Ms. Wang acknowledged receipt of this letter. Ms. Wang also responded to the proposed notice by email, explaining the circumstances of her investigation. Labor then sent her a decision letter informing her that it was terminating her employment and that she had only a limited right, as a probationer, to appeal her termination to the MSPB.

Ms. Wang appealed her termination to the MSPB. The Administrative Judge ("AJ") issued an order to show cause on jurisdiction and timeliness, explaining that Ms. Wang had not appeared to make a nonfrivolous allegation of MSPB jurisdiction and that her appeal appeared to be untimely. S. App'x 36–45. Ms. Wang did not respond to the order to show cause. Afterward, the AJ dismissed Ms. Wang's appeal for failure to make a nonfrivolous allegation

---

[1]    "S. App'x" refers to the supplemental appendix included with the government's informal brief.

of MSPB jurisdiction. Specifically, the AJ concluded that Ms. Wang was not an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii) due to her probationary status and that Ms. Wang had not made a nonfrivolous allegation of jurisdiction as a probationer under 5 C.F.R. §§ 315.805, 315.806(c). S. App'x 14–19. The AJ's dismissal did not address the timeliness of Ms. Wang's appeal.

Ms. Wang filed a petition for review, and the full MSPB issued a final decision upholding the AJ's initial decision. Specifically, the MSPB determined that Ms. Wang failed to make a nonfrivolous allegation that (1) she was an "employee" under 5 U.S.C. § 7511(a)(1)(A) or (2) her procedural rights under 5 C.F.R. § 315.805 were violated. *Board Decision*, 2023 WL 8253733, at *4.

Ms. Wang timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court must affirm a decision of the MSPB unless we find it "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the MSPB's jurisdictional determinations de novo. *Palmer v. MSPB*, 550 F.3d 1380, 1382 (Fed. Cir. 2008). Factual findings underlying the MSPB's jurisdictional determinations are reviewed for substantial evidence. *Bledsoe v. MSPB*, 659 F.3d 1097, 1101 (Fed. Cir. 2011).

Typically, MSPB jurisdiction is available only to an "employee." *See Pervez v. Dep't of Navy*, 193 F.3d 1371, 1375 (Fed. Cir. 1999). An "employee" is "an individual in the competitive service—(i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or

less." 5 U.S.C. § 7511(a)(1)(A). Office of Personnel Management ("OPM") regulations, however, "provide a narrow exception to the non-reviewability of termination during the probationary period." *Pervez*, 193 F.3d at 1375.

As relevant here, "[a] probationer whose termination is subject to [5 C.F.R.] § 315.805 may appeal on the ground that [her] termination was not effected in accordance with the procedural requirements of that section." 5 C.F.R. § 315.806(c). The requirements under § 315.805 apply "when an agency proposes to terminate an employee serving a probationary or trial period for reasons based in whole or in part on conditions arising before [her] appointment." *Id.* § 315.805. These requirements include that the probationer: (1) "is entitled to an advance written notice stating the reasons, specifically and in detail, for the proposed action," (2) "is entitled to a reasonable time for filing a written answer to the notice of proposed adverse action and for furnishing affidavits in support of [her] answer" and that "[i]f the employee answers, the agency shall consider the answer in reaching its decision," and (3) "is entitled to be notified of the agency's decision at the earliest practicable date" in writing. *Id.* § 315.805(a)–(c). The notice of the agency's decision shall "inform the employee of the reasons for the action, inform the employee of [her] right of appeal to the [MSPB], and inform [her] of the time limit within which the appeal must be submitted." *Id.* § 315.805(c).

A petitioner appealing her termination must make a nonfrivolous allegation of MSPB jurisdiction. 5 C.F.R. § 1201.56(b)(2)(i)(A). A nonfrivolous allegation is one "that, if proven, could establish the matter at issue" and must be "more than conclusory," "plausible on its face," and "material to the legal issues in the appeal." 5 C.F.R. § 1201.4(s). The determination of whether a jurisdictional allegation is nonfrivolous may be done on the written record. *Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008).

Ms. Wang, acknowledging that she does not qualify as an employee, asserts jurisdiction as a probationer under 5 C.F.R. §§ 315.805 and 315.806(c). She argues that she made a nonfrivolous allegation of jurisdiction on two bases: that (1) Labor did not confirm whether she acknowledged receipt of the notice of proposed termination; and (2) Labor denied her an opportunity to respond to her proposed termination. On the written record submitted with her initial appeal and petition for review, neither basis supplies a nonfrivolous allegation of MSPB jurisdiction.[2]

We start with Ms. Wang's argument that Labor's failure to confirm receipt of the notice of proposed termination provides a nonfrivolous allegation of jurisdiction. Her argument has no basis in § 315.805. An agency must merely *provide* advanced written notice of the proposed adverse action and adverse decision. 5 C.F.R. § 315.805(a), (c). Nothing in § 315.805 requires confirming receipt of the proposed notice, and Ms. Wang does not identify any source of law requiring such confirmation. And even if such confirmation were required, Ms. Wang essentially confirmed receipt when she responded to Labor regarding the merits of her termination. S. App'x 53. Ms. Wang's first basis thus does not provide a nonfrivolous allegation of jurisdiction.

We now turn to Ms. Wang's argument that Labor's failure to provide her an opportunity respond to her proposed termination provides a nonfrivolous allegation of jurisdiction. Ms. Wang's argument is not "plausible on its face" in light of the evidence she submitted with her initial appeal. 5 C.F.R. § 1201.4(s)(2). The notice of termination that she submitted demonstrates that she responded to the notice of proposed termination and that Labor considered her responses in its decision to terminate her employment.

---

[2]    Neither party disputes that Ms. Wang's firing was "based in whole or in part on conditions arising before [her] appointment." 5 C.F.R. § 315.805.

S. App'x 53.  Ms. Wang's second basis likewise fails to pro-
vide a nonfrivolous allegation of jurisdiction.

CONCLUSION

We have considered Ms. Wang's remaining arguments
and find them unpersuasive.  For the foregoing reasons, we
affirm the MSPB's decision.

**AFFIRMED**

COSTS

No costs.