NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**NIA L. GHOLSTON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

———————————————

2024-1858

———————————————

Petition for review of the Merit Systems Protection Board in No. DC-315H-18-0608-I-1.

———————————————

Decided: March 17, 2025

———————————————

NIA L. GHOLSTON, District Heights, MD, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

———————————————

Before STOLL, CLEVENGER, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Nia L. Gholston petitions for review of a Merit Systems Protection Board ("MSPB" or "Board") final order dismissing the appeal of her removal action for lack of jurisdiction. *Gholston v. Dep't of the Treasury*, No. DC-315H-18-0608-I-1 (M.S.P.B. Mar. 22, 2024) (Final Order); *see Gholston v. Dep't of the Treasury*, No. DC-315H-18-0608-I-1, 2018 WL 3729198 (M.S.P.B. July 31, 2018) (Initial Decision). We *affirm*.

## I.    BACKGROUND

On June 12, 2017, Ms. Gholston was appointed to a competitive service position as a Chemist, GS-1320-07, in the Department of the Treasury's Office of Quality Operations.  App'x 12; App'x 29.[1]  The appointment was subject to a one-year probationary period beginning on the same date.  App'x 12; App'x 29.  On May 18, 2018, the Department of the Treasury informed Ms. Gholston that she was being removed from federal service for inappropriate behavior that demonstrated a "lack of self-control[ ] and a disregard for her supervisor's instructions . . . ."  App'x 12; App'x 48–50.

Ms. Gholston filed an appeal with the MSPB, alleging that her termination was improper.  App'x 11.  The MSPB administrative judge issued an Acknowledgement Order informing Ms. Gholston that it appeared that the Board lacked jurisdiction over her appeal because of her probationary status.  App'x 12; App'x 33–39.  The Acknowledgement Order explained to Ms. Gholston that "the Board lacks jurisdiction to decide an appeal of an employee with less than one year of current, continuous service in the

---

[1]    We refer to the supplemental appendix filed with the government's informal response brief as "App'x" throughout this opinion.  *See* ECF No. 13 (informal response brief and supplemental appendix).

same or similar position unless she makes a nonfrivolous claim that her termination was based on partisan political reasons or marital status," or matters occurring before her appointment. App'x 12–13; App'x 35. The Acknowledgement Order informed Ms. Gholston of the relevant legal standards and gave her an opportunity to show that she either experienced an appealable probationary termination or that she qualified as a statutory employee with Board appeal rights. App'x 12–13; App'x 35–38.

In an Initial Decision, the administrative judge dismissed Ms. Gholston's appeal for lack of jurisdiction. App'x 13–15. The administrative judge found that Ms. Gholston's submissions "did not[ ] respond to the jurisdictional issues identified in the Acknowledgement Order" and "failed to address her status as a probationer." App'x 13. The administrative judge held that Ms. Gholston was not an employee with appellate rights because "[t]he undisputed record reflects that the appellant was granted an appointment in the competitive service subject to a one-year probationary period and that she was terminated less than one year later" and that there was "no evidence to suggest that the appellant completed more than one year of current continuous service in her current appointment." App'x 14. The administrative judge also found that Ms. Gholston had not made any allegations that would allow her to appeal her termination despite her probationary status, because "[t]he record lacks any assertion by the appellant that her termination was based on partisan political reasons, marital status discrimination, or that it was based on pre-appointment conditions." *Id.*

Ms. Gholston filed a timely petition for review ("PFR") of the initial decision with the full Board. App'x 1; App'x 26. In a Final Order, the Board denied the petition for review and affirmed the initial decision. App'x 2; *see generally* App'x 1–5. The Board held that the "undisputed record" showed that Ms. Gholston lacked one year of current continuous service, that her allegations of prior

service were not "nonfrivolous allegations of Board jurisdiction because the record indicates that such service occurred years prior to her appointment," and that her other claims were immaterial. App'x 3.

Separate from Ms. Gholston's allegations based on her prior employment, the Board also noted that Ms. Gholston alleged that her male coworker had "sexually harassed her" and that Ms. Gholston asserted in passing "that she is a 'single Black female.'" App'x 4 (emphasis in original). The Board found that these allegations did not state a claim for marital status discrimination because Ms. Gholston had "not alleged . . . that her coworker's inappropriate behavior was related to, or motivated by, her marital status." *Id.* Lastly, the Board found that Ms. Gholston had not exhausted her administrative remedies in pursuing a whistleblower retaliation claim that she raised for the first time in her PFR. *Id.*

Ms. Gholston appealed. We have jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(9).[2]

## II.    DISCUSSION

"We affirm a decision of the Board unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." *Ford-Clifton v. Dep't of Veterans Affs.*, 661 F.3d 655, 658–59 (Fed. Cir. 2011) (citing 5 U.S.C. § 7703(c)). "We review the Board's jurisdictional determinations *de novo* and its

---

[2]    Ms. Gholston has waived any discrimination claims. *See* ECF No. 4 at 1 (checking "No" in response to a question of whether she alleged discrimination before the Board); *see generally* Appellant's Br. (not alleging discrimination); Appellant's Reply Br. (same); *see also* 5 U.S.C. § 7703(b).

underlying factual findings for substantial evidence." *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024).

Ms. Gholston's sole argument on appeal is that she meets the statutory definition of "employee." *See generally* Appellant's Br. "Removal from employment is an appealable action where the individual qualifies as an 'employee' at the time of her removal by the agency." *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1341 (Fed. Cir. 2002); *see* 5 U.S.C. § 7701(a) ("An employee . . . may submit an appeal to the [MSPB] from any action which is appealable to the [MSPB] under any law, rule, or regulation."). An employee is defined as, among other things, "an individual in the competitive service— (i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A); *see Pervez v. Dep't of the Navy*, 193 F.3d 1371, 1375 (Fed. Cir. 1999) (explaining that "[g]enerally, an employee serving a probationary period is not an 'employee' under 5 U.S.C. § 7511(a)(1)(A)"). The MSPB "has jurisdiction when an employee meets the definition of 'employee' provided by subsection (i) *or* (ii)" of 5 U.S.C. § 7511(a)(1)(A). *McCormick*, 307 F.3d at 1342.

Ms. Gholston was a probationary employee at the time of her termination. The undisputed record shows that Ms. Gholston was hired on June 12, 2017, subject to a one-year probationary period, and that she was terminated within that probationary period on May 18, 2018. App'x 12; App'x 29–31; App'x 48–51. To the extent that Ms. Gholston argues that she satisfied her probationary period at the Department of the Treasury via her employment at the Census Bureau, her argument fails. Prior service "counts toward completion of probation when the prior service: (1) Is in the same agency . . . ; (2) Is in the same line of work (determined by the employee's actual duties

and responsibilities); and (3) Contains or is followed by no more than a single break in service that does not exceed 30 calendar days." 5 C.F.R. § 315.802(b). Ms. Gholston's employment at the Census Bureau satisfies none of these criteria: it was in a different agency; it was as a clerk instead of as a chemist; and it was completed over three years before her employment at the Department of Treasury. Appellant's Br. at 3–4. Thus, Ms. Gholston was a probationary employee at the time of her termination and does not meet the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(i).

Ms. Gholston did not complete one year of current continuous service at the time of her termination. While Ms. Gholston contends that she completed one year of current continuous service by working at the Census Bureau from 2011–2013, Appellant's Br. at 3–4, "[c]urrent continuous employment" means "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday." 5 C.F.R. § 752.402.[3] Ms. Gholston concedes that she resigned from the Census Bureau on October 5, 2013. Appellant's Br. at 4. She did not join the Department of the Treasury until June 12, 2017. App'x 29. Thus, Ms. Gholston's prior service was not continuous, and she does not meet the statutory definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii).

Because Ms. Gholston does not satisfy the statutory criteria to be an "employee" under 5 U.S.C. § 7511(a)(1)(A), nor does she contest the Board's finding that she did not

---

[3]    The statute refers to "current continuous service" while the regulation refers to "current continuous employment." "There is no suggestion, however, that the regulatory definition does not apply to the statutory phrase 'current continuous service.'" *Wilder v. Merit Sys. Prot. Bd.*, 675 F.3d 1319, 1322 n.1 (Fed. Cir. 2012).

satisfy any exception to the rule that only "employees" may bring suit, the Board did not err in finding that it lacked jurisdiction.

### III.    CONCLUSION

We have considered Ms. Gholston's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's final order.

### AFFIRMED

### COSTS

No costs.