**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

BENJAMIN D. HUEBSCHMAN,
          Appellant,

      v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
DC-3330-19-0552-C-1

DATE:  June 10, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin D. Huebschman</u>, Beltsville, Maryland, pro se.

<u>Steven Whittington</u>, Warren, Michigan, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

    The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, a preference eligible veteran, applied for the position of NH-4 Project Manager with the agency. *Huebschman v. Department of the Army*, MSPB Docket No. DC-3330-19-0552-I-1, Initial Appeal File (IAF), Tab 1 at 5, Tab 4 at 5-8, Tab 6 at 5. The agency rejected the appellant's application on the basis that he did not select an area of consideration.[2] IAF, Tab 6 at 5.

After exhausting his administrative remedies with the Department of Labor, the appellant filed a Board appeal under the Veterans Employment Opportunities Act of 1998 (VEOA). IAF, Tab 1 at 3, 9. The Board issued a final decision, finding that the agency had violated the appellant's right to compete under 5 U.S.C. § 3304(f)(1) (2018), granting the appellant's request for corrective action, and ordering the agency to reconstruct the hiring process.[3] *Huebschman v.*

---

[2] The agency should have, but did not, list veteran status under 5 U.S.C. § 3304(f)(1) (2018) as an option. *See Huebschman v. Department of the Army*, MSPB Docket No. DC-3330-19-0552-I-1, Final Order at 2-5 (Mar. 11, 2024).

[3] Section 3304(*l*) was previously designated section 3304(f). After the Board issued its final decision, section 3304 was amended and subsections (b) through (g) were redesignated as subsections (h) through (m), respectively. Chance to Compete Act of 2024, Pub. L. No. 118-188, § (2)(a)(1)(A), 138 Stat. 2644.

*Department of the Army*, MSPB Docket No. DC-3330-19-0552-I-1, Final Order (Mar. 11, 2024).

On March 20, 2024, the agency notified the appellant that it had reconstructed the hiring process but found him ineligible for the position. *Huebschman v. Department of the Army*, MSPB Docket No. DC-3330-19-0552-C-1, Compliance File (CF), Tab 1 at 5-6. Specifically, the agency found that the appellant was ineligible for the position because he lacked the minimum required acquisition experience and therefore would not have been referred to the hiring manager. *Id.* at 5. The appellant filed a petition for enforcement, disputing the agency's assessment of his experience. *Id.* at 4. After the record closed, the administrative judge issued a compliance initial decision finding the agency in compliance and denying the petition for enforcement. CF, Tab 8, Compliance Initial Decision (CID).

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

The Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). The Board's authority to remedy noncompliance is broad and far-reaching and functions to ensure that employees or applicants for employment are returned to the status quo ante or the position that they would have been in had the unlawful agency action not occurred. *Smith v. Department of the Army*, 458 F.3d 1359, 1364 (Fed. Cir. 2006). The agency bears the burden of proving that it has fully complied with the Board's final order. *See Hill v. Department of the Air Force*, 60 M.S.P.R. 498, 501 (1994); 5 C.F.R. § 1201.183(a)(1).

In this case, the Board ordered the agency "to reconstruct the hiring process for the Project Manager position at issue, and to consider the appellant's

application in that process." *Huebschman*, MSPB Docket No. DC-3330-19-0552-I-1, Final Order at 4. To comply with this order, the agency would need to show that its reconstruction of the hiring process was in accordance with applicable veterans' preference laws and that any subsequent appointment to the NH-4 Project Manager position was the result of fair and lawful consideration of the pool of candidates, including the appellant, under an appropriate reconstruction. *See Phillips v. Department of the Navy*, 114 M.S.P.R. 198, ¶ 7 (2010).

In order to reconstruct a selection process, we find that it is prudent for an agency to first, if not previously completed, determine that the appellant satisfies the threshold requirement of being qualified for the position. *See Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 13 (2006) (recognizing that VEOA only prohibits an agency from denying a preference eligible the opportunity to compete; it does not provide that veterans will be considered for positions for which they are not qualified). Once that requirement is met, the agency may then, if deemed necessary, remove from the position in question the individual improperly appointed and engage in an actual reconstructed selection process—not one that is merely hypothetical. *Modeste v. Department of Veterans Affairs*, 121 M.S.P.R. 254, ¶ 14 (2014); *Phillips v. Department of the Navy*, 114 M.S.P.R. 19, ¶ 15 (2010). Thus, in a case like this one, in which the agency failed even to make an initial determination as to whether the appellant was qualified, the Board will first require the agency to determine whether the appellant was qualified, and if so, then and only then will the agency need to undertake a full reconstruction of the hiring process. *See Vassallo v. Department of Defense*, 121 M.S.P.R. 70, ¶ 12 (2014), *rev'd on other grounds,* 121 M.S.P.R. 70; *Russell v. Department of Health and Human Services*, 120 M.S.P.R. 42, ¶¶ 13-14 (2013); *Jolley v. Department of Homeland Security*, 105 M.S.P.R. 104, ¶ 24 (2007), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30, ¶ 18. We therefore agree with the administrative judge that

determining whether the appellant is qualified is the first step in the reconstruction process. CID at 4.

In her initial decision, the administrative judge found that the agency provided sufficient evidence to support its determination that the appellant lacked one of the necessary qualifications for the Project Manager position at issue. CID at 2-5. Specifically, the agency determined that the position required experience in acquisition, but the appellant's résumé did not indicate that he had any such experience. CF, Tab 3 at 5-6. We agree. The vacancy announcement specified that, to qualify for the position, a candidate's résumé must describe at least 1 year of specialized experience that includes the ability to:

> 1) Provide project management for projects across the acquisition lifecycle to include development, demonstration, prototyping, test and evaluation, fielding and sustainment; 2) Coordinate and lead efforts associated with assigned programs to evaluate the utilization of resources, revise priorities, and transfer resources between projects as necessary to ensure efficient and economical management; 3) Analyze functional activities and the defense acquisition process required for effective management of assigned programs; 4) Evaluate and/or manage acquisition activities of an assigned program to plan, program, and budget for the project(s); and 5) Review program/project requirements to plan for system support based on program life cycle and planning for facilities, equipment, manpower, and funding resources necessary to accomplish the mission.

*Id.* at 16. Three of these five experiential requirements pertain to experience in acquisition. However, a review of the appellant's résumé indicates no experience in acquisition. *Id.* at 22-23. On petition for review, the appellant does not argue that his résumé reflected experience in acquisition, that he had any such experience, or that experience in acquisition was not a bona fide qualification for this position. We therefore agree with the administrative judge that the appellant did not meet the basic qualification requirements to be considered for appointment.

The appellant argues that the management officials who evaluated his résumé were biased. PFR File, Tab 1 at 4-5. We appreciate that these officials' review of the appellant's résumé was occasioned by the appellant's success in an adversarial legal proceeding against their employer. However, we find that this alone is insufficient to rebut the presumption of regularity that attends administrative actions. *See generally Dow v. General Services Administration*, 109 M.S.P.R. 342, ¶ 11 (2008) (discussing the presumption of administrative regularity). The question of whether the appellant's résumé reflects the required experience is more or less objective, and for the reasons explained above, we find nothing in the record to suggest that the reasons for the agency's decision were improper. *See Marcus v. United States*, 473 F.2d 896, 900 (Ct. Cl. 1973).

The appellant also raises a discovery issue. PFR File, Tab 1 at 5-8. The appellant sought discovery below within the timeframe established by the administrative judge. CF, Tab 2 at 2-3, Tab 4. The appellant was dissatisfied with the agency's responses, and he filed a motion to compel. CF, Tab 5. The administrative judge denied the appellant's motion both on procedural and substantive grounds. CF, Tab 7. She found that the motion did not include a description of efforts to resolve or narrow the discovery dispute, specify the responses that the appellant believed were deficient, or explain the relevance of information that he was seeking. *Id.*; *see* 5 C.F.R. § 1201.73(c).

We find that the administrative judge did not abuse her discretion by denying the motion to compel on procedural as well as substantive grounds. CF, Tab 7; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 16 (2016). We acknowledge that the appellant is proceeding pro se, but satisfying the regulatory requirements for a motion to compel does not require "a complete knowledge of the Federal legal procedures." PFR File, Tab 1 at 6. The administrative judge directed the appellant to the specific sections of the Board's regulations that govern the discovery process and notified him that discovery must be undertaken in accordance with those regulations. CF, Tab 2

at 2; *see Williams v. Department of the Navy*, 94 M.S.P.R. 206, ¶ 5 n.4 (2003). Furthermore, the appellant did not provide argument in his motion to compel regarding the relevance of his discovery requests in order to overcome agency objections.

The appellant further argues that he was denied a hearing even though a hearing may have lent some clarity to the case. PFR File, Tab 1 at 8. To the extent that the appellant is arguing that he should have received a hearing during the merits phase of the appeal, as the Board explained in its Final Order, "The Board may decide the merits of a VEOA appeal without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law." *Huebschman*, MSPB Docket No. DC-3330-19-0552-I-1, Final Order at 4 (citing *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009)). In any event, the appellant was not prejudiced by the administrative judge's decision not to conduct a hearing on the merits because he was the prevailing party on the underlying VEOA appeal. To the extent that the appellant is arguing that the administrative judge should have conducted a hearing at the compliance phase under 5 C.F.R. § 1201.83(a)(6), we find that the administrative judge did not abuse her discretion in that regard. The appellant has not identified any dispute of material fact that would warrant a hearing in these addendum proceedings. *See Amons v. U.S. Postal Service*, 84 M.S.P.R. 186, ¶ 10 (1999) ("In an enforcement proceeding, an employee is not entitled to either discovery or a hearing in order to establish her allegations, although the [administrative judge] may grant discovery and a hearing in his discretion, if necessary to resolve disputed facts.").

The appellant also argues that the administrative judge conducted the proceedings with a bias toward the agency. PFR File, Tab 1 at 7-8. However, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R.

382, 386 (1980). The administrative judge's case-related rulings are insufficient to overcome this presumption of honesty and integrity. *See Martinez v. Department of the Interior*, 88 M.S.P.R. 169, ¶ 14 (2001).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.